```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA


BOOKERRENA KRAFT et al.                    CIVIL ACTION

VERSUS                                     NO: 06-2846

HARRY LEE et al.                           SECTION: "J"(1)
```

## AMENDED ORDER AND REASONS

The Court now issues this Amended Order and Reasons to correct an inadvertent error on the last page wherein it referred to a motion that had already been decided.  This order has been revised to reflect the correct motion on which the Court now rules.

Before the Court is **Deborah A. Villio and Jefferson Parish's Motion to Dismiss Plaintiffs' Claims (Rec. Doc. 34)**.  Plaintiffs opposed the motion, which is set for hearing, without oral argument, on November 22, 2006.  After reviewing the memoranda of counsel and applicable law, the Court concludes that Defendants' motion to dismiss should be granted for the reasons that follow.

## Background

Plaintiffs are minors who claim to have been unarmed

passengers in a car whose driver fled from police in a police chase. When the chase was over, Plaintiffs attempted to exit the vehicle and let the officers know they were unharmed; however, police officers allegedly fired hundreds of bullets into the car, injuring both Plaintiffs and killing the driver. Plaintiffs were taken to Charity Hospital and then to Rivarde Juvenile Detention Center where Deborah Villio ("Villio") is charged with being responsible for operations. Plaintiffs claim their wounds required medical attention during their incarceration at the center; however, Jefferson Parish employees refused to provide them with medical treatment, which exacerbated their injuries.

## Procedural History

This Court previously dismissed all the official capacity claims against Villio and all claims against the Jefferson Parish Council. The Court allowed Plaintiffs to file a rule 7(a) reply to Defendant's Answer regarding the claims against Villio in her individual capacity. (Rec. Doc. 28). However, because Plaintiffs instructed the Court that they were unable to add any facts via a rule 7(a) reply, the Court dismissed the section 1983 claims against Villio in her individual capacity. (Rec. Doc. 29). Plaintiffs' state law claims against Villio remain a part of this lawsuit.

Plaintiffs next amended their Complaint to add claims against Jefferson Parish, alleging that it "is liable for

adopting the unconstitutional policy of SHERIFF, an individual in whom Jefferson Parish vested final decision-making authority in the area of law enforcement, and for authorizing and expressly ratifying the use of excessive force by SHERIFF'S deputies . . .." (Rec. Doc. 32).

### The Parties' Arguments

Defendants claim that Plaintiffs' federal claims against Jefferson Parish cannot stand as a matter of law because the sheriff is an autonomous government official who is separate and apart from Jefferson Parish.

Defendants also claim that Plaintiffs have failed to state a claim for negligence against Villio.  Defendants claim that the only paragraphs that deal with allegations against Villio are paragraphs 17 and 18 of the Complaint, which do not set forth facts demonstrating that Villio was negligent and, instead, consist of only conclusory allegations.

In opposition, Plaintiffs claim that Sheriff Harry Lee is a racist, and Jefferson Parish has "repeatedly acquiesced" to his unconstitutional actions.  Plaintiffs claims Jefferson Parish has a duty to remove a sheriff "who readily admits that he is a racists [sic] on a local television network . . .." Plaintiffs cite Monell v. New York Department of Social Services, 436 U.S. 658, 691 (1978) for the proposition that municipalities are susceptible to section 1983 liability for "widespread

discriminatory practices of state officials" that are so permanent and well settled that they constitute a "custom or usage" with the force of law.  Based on <u>Monell</u>, Plaintiffs assert that their claims are actionable against Jefferson Parish because it adopted and accepted  "the widespread and well settled race-based, discriminatory law-enforcement practices of Sheriff Lee."

Also, Plaintiffs oppose the dismissal of their negligence claims against Villio, stating that they are more than conclusory allegations.  Plaintiffs claim they have alleged that Plaintiffs Darnell and George had wounds that required medical attention during their incarceration; however, "Jefferson Parish employees" refused to provide them with medical treatment, which exacerbated their injuries.

## Discussion

The Fifth Circuit has explained that a motion to dismiss based on Rule 12(b)(6) of the Federal Rules of Civil Procedure (for failure to state a claim upon which relief can be granted) is a disfavored means of disposing of a case.  <u>Kennedy v. Tangipahoa Parish Library Board of Control</u>, 224 F.3d 359, 365 (5 Cir.2000) (citations omitted).  In determining whether a 12(b)(6) motion to dismiss should be granted, the Court must accept Plaintiffs' allegations as true.  <u>Cinel v. Connick</u>, 15 F.3d 1338, 1341 (5th Cir.), cert. denied, 513 U.S. 868, 115 S.Ct. 189, 130

L.Ed.2d 122 (1994).  "The district court may not dismiss a complaint under rule 12(b)(6) 'unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Collins v. Morgan Stanley Dean Witter, 2000 WL 1159321 at 2 (5 Cir.2000) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); Spiller v. City of Texas City Police Dept., 130 F.3d 162, 164 (5 Cir.1997).  To avoid dismissal under this theory, a plaintiff must plead specific facts, not mere conclusory allegations." Id.; see also Kaiser Aluminum & Chemical Sales v. Avondale Shipyards, 677 F.2d 1045 (5 Cir.1982).

**Plaintiff's Claims Against Jefferson Parish:**

In Louisiana, a parish sheriff occupies a constitutional office which exists and functions independently of the governing body of the parish.  Broussard v. Boudin, 2004 WL 223984 (E.D. La. 2004), citing La. Const. art. 5, § 27; La. Const. art. 6, §§ 5(G) and 7(B).  Thus, a parish government has no authority over a parish sheriff or, by extension, his deputies. See Foster v. Hampton, 352 So.2d 197, 203 (La.1977).

Plaintiffs state that Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) stands for the proposition that a municipality may be held liable under section 1983.  This Court disagrees and finds that Monel does not apply in this case.  This Court finds that because the

Jefferson Parish had no authority or control over Sheriff Lee, it cannot be held liable pursuant to Monell. See Broussard v. Boudoin, 2004 WL 223984 (E.D. La. Jan. 29, 2004).

**Plaintiff's Negligence Claims Against Villio:**

The only paragraphs that deal with specific allegations against Villio are paragraphs 17 and 18 of the Complaint.  This Court finds that these paragraphs do not set forth facts demonstrating that Villio was negligent and, instead, consist of only conclusory allegations, which are not sufficient to state a claim for which relief may be granted. Accordingly,

**IT IS ORDERED** that **Deborah A. Villio and Jefferson Parish's Motion to Dismiss Plaintiffs' Claims (Rec. Doc. 34) should be GRANTED.**

New Orleans, Louisiana this   22nd   day of November, 2006.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE